UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK TUBBS,

    Plaintiff,

v.                                                     Case No. 1:05-cv-603

                                                   Hon. Wendell A. Miles

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Plaintiff, Derek Tubbs, filed this action for judicial review of the final decision of the Commissioner of Social Security that Plaintiff was not entitled to Disability Insurance Benefits under Title II of the Social Security Act. 42 U.S.C. §§ 416(i), 423. United States Magistrate Judge Ellen S. Carmody, submitted a Report and Recommendation (docket #9), recommending that the Commissioner of Social Security's decision be affirmed. Plaintiff filed objections to the magistrate judge's Report and Recommendation (docket. #10). The Defendant did not respond to the objections. For the reasons that follow, the court overrules Plaintiff's objections, and adopts the Report and Recommendation of the magistrate judge.

Standard of Review

When objections have been made to a magistrate judge's report and recommendation, the district court's standard of review of the report and recommendation is *de novo.* FED. R. CIV. P.

72(b); 28 U.S.C. § 636(b)(1). Judicial review of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied. Warner v. Comm'r of Soc. Sec., 375 F. 3d 387, 390 (6th Cir. 2004). Substantial evidence is more than a scintilla of evidence but less than a preponderance. Brainard v. Sec. of Health & Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). There is substantial evidence when a "'reasonable mind might accept'" the relevant evidence "'as adequate to support a conclusion.'" Warner, 375 F.3d at 390, quoting Kirk v. Sec. of Health & Human Servs., 667 F. 2d 524, 535 (6th Cir. 1981). If there is substantial evidence supporting the Commissioner's decision, the court must defer to the decision "'even if there is substantial evidence in the record that would have supported an opposite conclusion . . . .'" Id., quoting Wright v. Massanaari, 321 F. 3d 611, 614 (6th Cir. 2003). The court may not make credibility determinations or resolve conflicts in the evidence. Walters v. Comm'r of Soc. Sec., 127 F. 3d 525, 528 (6th Cir. 1997). Even if the court "were to agree with a plaintiff that benefits were justified," the court "is not permitted to reverse an administrative determination if substantial evidence supports that decision. Kuhn v. Comm'r. of Soc. Sec., 124 F. App'x 943, 947-48, 2005 WL 513488, *5 (6th Cir. 2005).

## Background

Plaintiff filed for social security benefits claiming he was disabled due to back pain. Plaintiff is a high school graduate with previous work experience as a mechanic and assembler. At the time of his administrative hearing, he was fifty years old. The administrative law judge (ALJ) found that Plaintiff had severe impairments of a back disorder and headaches, which, alone or in combination, failed to satisfy the requirements of any impairment in the Listing of

Impairments, 20 C.F.R., Part 404, Subpart P, Appendix I. The ALJ concluded that Plaintiff was unable to perform his past work, but had the residual functional capacity to perform light work with the following restrictions: (1) frequently lift/carry 10 pounds, and occasionally lift/carry 20 pounds, and (2) only occasionally climb, balance, stoop, kneel, crouch, or crawl. The vocational expert testified that there were approximately 27,000 jobs a person with Plaintiff's residual functional capacity could perform. The vocational expert also testified that there were approximately 10,000 jobs that could be performed if the person was further restricted in that he could not lift below waist level, bend repeatedly at the waist, or use foot pedals. The ALJ determined that there were a significant number of jobs in the national economy that Plaintiff could perform, and therefore, he was not disabled.

## Discussion

The magistrate judge concluded that the ALJ properly evaluated Plaintiff's impairments and properly relied on the vocational expert's testimony. Plaintiff contends that the ALJ incorrectly concluded that Plaintiff's right knee problem was not severe. Had the ALJ considered the limitations imposed by Plaintiff's right knee problem in combination with his lower left extremity condition, Plaintiff would be incapable of performing light work. Further, had the ALJ incorporated into his hypothetical Plaintiff's limitations on standing and walking as a result of his bilateral lower extremity impairments, the number of jobs would have been markedly reduced. Plaintiff asks the court to reverse the decision of the ALJ and remand this case to the Commissioner for proper consideration.

On October 2, 2003, Plaintiff was examined by Dr. Peter Herkner for complaints of right knee pain. (Tr. 190). The doctor found no effusion, and Plaintiff could fully extend and flex to

120 degrees.  (Tr. 191).  Plaintiff's major problem was pivoting.  (Tr. 186).  On October 25, 2003, an MRI revealed mild to moderate degenerative changes, and the doctor reported mild joint effusion.  (Tr. 188).  In November 2003, Dr. Herkner opined that Plaintiff seemed to be better, and noted that Plaintiff was taking shark cartilage tablets.  (Tr. 186).  Dr. Herkner's assessment was degenerative arthritis, greater in the medial compartment, with degenerative tearing medial meniscus.  (Tr. 186).

Approximately one year later, in October 2004, Plaintiff's reported activities included puttering around in his barn, making dinner, attending flea markets, fixing and building things, repairing guns, and  participating in target sports.   (Tr. 106-09).  He also reported that he drove, cooked, occasionally performed yard work, and shopped, but only rarely cleaned the house.  (Tr. 108-09).  He had given up hunting and trout fishing.  (Tr. 107).  Plaintiff testified at the administrative hearing that he could walk one-quarter of a mile, sit for approximately 30 minutes, and lift 25-30 pounds from waist level.  (Tr. 243-44).

The court agrees with the magistrate judge that the medical evidence and Plaintiff's reported activities constitute substantial evidence that Plaintiff's right knee condition was not severe.  However, in reaching a decision as to disability, the ALJ must consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be sufficiently severe to render the claimant disabled.  42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 404.1523;  Walker v. Sec. of Health & Human Servs., 980 F.2d 1066, 1071 (6th Cir. 1992).  Considering the entire record, the ALJ found that Plaintiff was restricted in the following ways: (1) could frequently lift/carry 10 pounds, and occasionally lift/carry 20 pounds, (2) could only occasionally climb, balance, stoop, kneel, crouch, or crawl, (3) could not

lift below waist level, (4) could not bend repeatedly at the waist, and (5) could not use foot pedals. The medical evidence and Plaintiff's activities do not demonstrate that the condition of Plaintiff's right knee resulted in restrictions beyond those found by the ALJ. Accordingly, substantial evidence supported the ALJ's finding that Plaintiff retained the capacity to perform the exertional demands of a limited range of light work.

## Conclusion

The Court has performed a *de novo* consideration of those portions of the Report and Recommendation to which objection has been made, and finds that the Magistrate Judge reached the correct conclusion in the Report and Recommendation. Accordingly, the Court OVERRULES the Plaintiff's objections (docket #10), ACCEPTS AND ADOPTS the Magistrate Judge's Report and Recommendation (docket #9), and affirms the decision of the Commissioner of Social Security.

So ordered this 28th day of December, 2006.

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge